

**United States District Court**

NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

THOMAS G. BRUTON
CLERK

312-435-6860

October 7, 2021

**In re: Walleye Trading LLC v. AbbVie Inc. Case No. 18 CV 05114**

Ashley C. Keller
Keller, Lenkner LLC
150 North Riverside Plaza, Suite 4270
Chicago, IL  60606

Tom Kayes
Law Office of Thomas R. Kayes, LLC
2045 Grand Avenue
Suite B, PMB 62448
Chicago, IL  60612

Seth Adam Meyer
Keller Lenkner Llc
150 N. Riverside Plz.
Suite 2570
Chicago, IL 60606

Uri Seth Ottensoser
Keller Lenkner LLC
150 N. Riverside Plz
Chicago, IL 60606

Joshua Z. Rabinovitz
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654

Robert J. Kopecky
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
(312)862-2000

Sarah Joy Donnell
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Theresa N. Horan
Kirkland & Ellis, Llp
300 North Lasalle
Suite 2400
Chicago, IL 60654

Dear Counselors,

    I have been contacted by Judge Charles P. Kocoras who presided over the above-mentioned case.

    Judge Kocoras informed me that it has been brought to his attention that while he presided over the case, he owned stock in AbbVie Inc. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Kocoras directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Kocoras' disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before October 21, 2021. Any response will be considered by another judge of this court without the participation of Judge Kocoras.

Sincerely,

*Thomas G. Bruton*

Thomas G. Bruton
Clerk of Court